UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN BASS, | Case No. EDCV 17-1055-JVS (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| FANNIE MAE, ET AL., | |
| Defendant(s). | |

## I.

## **INTRODUCTION**

On May 25, 2017, Plaintiff Quinn Bass ("Plaintiff"), proceeding pro se filed a Complaint for various state and constitutional violations against defendants Fannie Mae, City of Redlands, and County of San Bernardino ("Defendants"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.[1]

---

[1] On June 19, 2017 and June 20, 2017, defendant Fannie Mae and defendant City of Redlands filed motions to dismiss arguing Plaintiff failed to allege facts sufficient to state a claim. Dkts. 16, 18. Additionally, on June 20, 2017, defendant County of San Bernardino filed a Motion to Quash for Improper Service, which the Court construes as a motion to dismiss for insufficient service and service of process pursuant to Federal Rules of Civil Procedure 12(b)(4)-(5). Dkt. 19. As the Court is dismissing the Complaint with leave to amend based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8, the Court denies Defendants' motions as moot. See Glair v. City of Los Angeles, No. CV 09-6450-R (RNB), 2010 WL 1407357, at *1 (C.D. Cal. Feb. 17, 2010), report and recommendation adopted, No. CV 09-6450-R (RNB), 2010 WL 1403947 (C.D. Cal. Apr. 5, 2010), aff'd, 437 F.

## II.

## **PROCEDURAL HISTORY**

On May 25, 2017, Plaintiff filed a Complaint against Defendants. ECF Docket No. ("Dkt.") 1. While it is unclear what claims Plaintiff intends to raise, he appears to reference general constitutional violations of his First Amendment right to redress, Fourteenth Amendment right to due process, Fourth Amendment right to be free from unreasonable searches and seizures, Fifth Amendment right to be free from self-incrimination, and Fifth Amendment right requiring compensation under the Taking Clause. Id. at 49-52[2]. Plaintiff additionally appears to raise state law claims on the grounds of surprise, collusion, artifice, "self-help" eviction, and libel. Id. at 4, 7-9.

Based on reports included with the Complaint that Plaintiff has filed with the City of Redlands and County of San Bernardino, Plaintiff appears to allege he adversely possessed "the property listed at 1804 Duke Street, Redlands, CA 92374." Id. at 44. In support of his proof of ownership, Plaintiff claims he has an "affidavit or declaration of Gov. approved occupancy, and California UCC 1 lien from the Sec. of State." Id. Plaintiff claims the City of Redlands "notified [him] on 08 Feb. 2017 [Plaintiff's] paperwork checked out." Id. On that same day, Plaintiff alleges he was arrested "for a warrant [for] driving on [a] suspended lic[ense]," but was released the next day. Id.

Plaintiff alleges on February 9, 2017, he "moved into the property." Id. On or about February 12, 2017, Plaintiff claims the "City of Redlands police returned to [his] home with a report that [Plaintiff] wasn't supposed to be on property." Id. Plaintiff presented his paperwork to the City of Redlands police, which included his Secretary of State UCC lien and the "affidavit for declaration or

---

App'x 603 (9th Cir. 2011) ("The Court's recommendation that the Complaint be dismissed without leave to amend for failure to state a claim, however, renders defendants' two motions pertaining to the insufficiency of service moot.").
[2] The Court relies on the pagination of the Court's electronic docketing system.

declaration of governor approved occupancy." Id. According to Plaintiff, the "P.D. said everything checked out [and] then they left." Id.

On February 28, 2017, Plaintiff claims he was "pulled over under the guise of [a] routine traffic stop." Id. Plaintiff alleges the officers "informed [him] he was being detained by them as a citizens arrest for Fannie Mae Realtors company." Id. Plaintiff claims he was arrested without being read his Miranda rights, with "no warrant," and with "no registry of action given." Id. at 22, 44. Plaintiff claims he was subsequently charged with "felony counterfeit/forgery." Id. at 41. Plaintiff additionally claims the criminal charge is "frivolous, malicious, and an[] act of wanton[ness] because this claim was created in collusion." Id. at 21-22.

## III.

## **STANDARD OF REVIEW**

In civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same). The court's authority in this regard includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

In applying these standards, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## IV.

## **DISCUSSION**

## **THE COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8**

**A.  APPLICABLE LAW**

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a

complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). See also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

**B.    ANALYSIS**

Here, the Complaint falls far short of what is required by Rule 8. As a preliminary matter, Plaintiff improperly titles his Complaint as a "Notice to Remove pursuant to 28 U.S.C.A. § 1251 et seq; Proposed Rule 24.1 Constitutional challenge to act of congress state statute: 28 U.S.C. § 2403." Compl. at 1. However, 28 U.S.C. § 1251 instructs on the Supreme Court of the United States' jurisdiction and 28 U.S.C. § 2403 instructs on the requirements of a court to notify the United States Attorney General or the attorney general of the state whenever the constitutionality of any Act of Congress or state statute affecting the public interest is called into question. See 28 U.S.C. § 2403 (a)-(b); 28 U.S.C. § 1251. Therefore, neither of these statutes are applicable to any claims Plaintiff might assert.

In addition, the Complaint is needlessly long, rambling, and confusing. See Cafasso, 637 F.3d at 1059. The Complaint, including attachments, is over 100 pages long and contains unnecessary and irrelevant information. See Dkt. 1, Compl.; McHenry, 84 F.3d at 1177. Plaintiff's Complaint contains numerous pages of state superior court pleadings seeking motions "for jurisdiction change," "for resubmission of motions never acted upon," and "to quash the Redlands PD arrest warrant & the above booking number." Dkt. 1 at 3-6. The remaining pages of Plaintiff's Complaint appear to primarily include various "Claims" and "Citizen

Reports" Plaintiff has filed with the City of Redlands and County of San Bernardino and the responses he has received in return. Id. at 17-38.

Ultimately, the Complaint does not include any "short and plain statement" of Plaintiff's claims or causes of action. Instead, Plaintiff provides pages that describe various constitutional amendments and defines legal terms such as: collusion, artifice, jurisdiction, surprise, judicial notice, self-help eviction, libel, perjury, frivolous, violation, wantonness, and arrest warrant. Id. at 7-9, 49-50; Dkt. 1-1 at 22-24, 44-46. While Plaintiff identifies and defines certain constitutional rights and state law violations, he fails to include any facts or allegations directed towards any particular Defendant to state a claim. In fact, the only facts provided throughout the Complaint are those that are scattered throughout Plaintiff's various "Claims" and "Citizen Reports" filed with the City of Redlands and County of San Bernardino. Dkt. 1 at 17-38. As a result, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest.

Unclear pleadings such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," remain subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177; see also Clayburn v. Schirmer, No. CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

If Plaintiff chooses to amend the Complaint, Plaintiff must state each claim separately and identify Defendants for each claim. In addition, for each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts

6

underlying it.  See Bautista, 216 F.3d at 840-41.  Plaintiff should only include facts necessary to state a claim and need not include additional exhibits to support his allegations.  Instead, Plaintiff should clearly state (1) the alleged harm; (2) who caused the alleged harm; (3) when the alleged harm was committed; and (4) what actions were committed by each alleged wrongdoer.

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants

7

Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: August 16, 2017

*/s/ Kenly Kiya Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge